1  Raymond Woo (CA SBN 327621)
2  Alexandra Kazhokin (CA SBN 245051)
   Don Nguyen (CA SBN 327585)
3  Law and Justice Legal Services
   14520 S. Western Ave., Gardena CA 90249
4  (800) 425-1858
   Fax: (888) 431-8931
5  hello@LJESQ.com

6

7  Attorney for Plaintiff, Lawrence Justice

8

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| 13 **LAWRENCE JUSTICE, individually** | Case No. 2:25-cv-12127 |
| 14 | |
| 15 Plaintiff, | |
| 16 | 1. Fourth Amendment, Excessive |
| 17 v. | Force (42 U.S.C. § 1983) |
| 18 | 2. Fourth Amendment, Unlawful |
| 19 **COUNTY OF LOS ANGELES;** | Detention and Arrest (42 U.S.C. |
| 20 **LOS ANGELES COUNTY SHERIFF'S** | § 1983) |
| 21 **DEPARTMENT; IAN FUJINO, in his** | 3. First and Fifth Amendment, Free |
| 22 **individual capacity; DOES 1–20,** | Speech Violation (42 U.S.C. § 1983) |
| 23 **inclusive,** | 4. Violation of Bane Act (Cal. Civil |
| 24 | Code §52.1) |
| 25 Defendants. | |
| 26 | **DEMAND FOR JURY TRIAL** |

27

28

COMES NOW, Plaintiff LAWRENCE JUSTICE, individually, for his Complaint against Defendants COUNTY OF LOS ANGELES, IAN FUJINO, and DOES 1 through 10, inclusive, and each of them (collectively, "DEFENDANTS"), and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and, on information and belief, all DEFENDANTS reside in this district.

## INTRODUCTION

3. This civil rights and state tort action seeks compensatory and punitive damages from DEFENDANTS for violating various rights under the United States Constitution and state law in connection with the use of force and detention of Plaintiff on December 19th, 2024.

4. Plaintiff alleges that his injuries are a result of the unlawful and prolonged detention, the use of excessive force, an unlawful search, and retaliatory arrest by DEFENDANT IAN FUJINO and DOES that show deliberate indifference to his Constitutional rights.

5. Plaintiff does not assert common-law state tort claims that require compliance with the California Government Claims Act, California Government Code §§ 810–996.6, including but not limited to claims for assault, battery, negligence, false

arrest, false imprisonment, conversion, or intentional infliction of emotional distress.

6. Plaintiff asserts only federal constitutional claims pursuant to 42 U.S.C. § 1983 and statutory civil rights claims that do not require Government Claims Act compliance, including California Civil Code § 52.1.

PARTIES

7. At all relevant times, Plaintiff was an individual residing in the County of Los Angeles, California. Plaintiff seeks both compensatory and punitive damages under federal and state law.

8. At all relevant times, Defendant COUNTY OF LOS ANGELES ("COUNTY") is and was a municipal corporation existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles County Sheriff's Department and its agents and employees. At all relevant times, COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the COUNTY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of IAN FUJINO, and of some or all of DOES 1-10.

9. Defendant IAN FUJINO is a sheriff's deputy for the COUNTY.  At all relevant times, Defendant IAN FUJINO was acting under color of law and within the course and scope of his duties as a deputy for the COUNTY and was acting with the complete authority and ratification of his principal, Defendant COUNTY.

10. Defendants DOES 1-10 are sheriff deputies for the COUNTY's Sheriff's department ("DOE DEPUTIES"). At all relevant times, DOE DEPUTIES were acting under color of law within the course and scope of their duties as sheriff's

deputies for the COUNTY and were acting with the complete authority and ratification of their principal, Defendant COUNTY.

11. On information and belief, IAN FUJINO and DOES 1-10 ("DEFENDANT DEPUTIES") were residents of the County of Los Angeles at all relevant times.

12. The true names and capacities, whether individual, corporate, association or otherwise of Defendant DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sued these Defendant DOES 1-10 by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these Defendant DOES 1-10 when they have been ascertained. On information and belief, each of the fictitiously named Defendant DOES 1-10 is responsible in some manner for the conduct or liabilities alleged herein.

13. Defendants IAN FUJINO and DOES 1-10 are sued in their individual capacities.

14. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

15. All of the acts complained of herein by Plaintiff against DEFENDANTS, including DOES 1-10, were done and performed by said DEFENDANTS by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting with the course, purpose, and scope of said agency, service, and/or employment capacity.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

17. On or about December 19, 2023, at or around the intersection of Marine Avenue and Cranbrook, in the city of Gardena, California, Defendant IAN FUJINO was on duty as a sworn law enforcement officer with the Los Angeles County Sheriff's Department. While on duty as a sworn law enforcement officer with the Los

Angeles County Sheriff's Department, Defendant IAN FUJINO conducted an unjustified traffic stop on Plaintiff, and arrested Plaintiff.

18. Defendant IAN FUJINO had no judicial warrant of any kind.

19. Defendant IAN FUJINO did not have probable cause or reasonable suspicion that Plaintiff had committed a crime.

12. DEFENDANT DEPUTIES asserted inconsistent and pretextual reasons for the stop and only asserted a traffic violation.

13. Plaintiff calmly denied wrongdoing and remained compliant.

14. DEFENDANT DEPUTIES prolonged the detention without reasonable suspicion.

14. During a purported frisk, DEFENDANT DEPUTIES used injurious excessive and invasive force, including forceful contact with Plaintiff's groin. Plaintiff repeatedly complained contemporaneously of being struck/manipulated.

16. DEFENDANT DEPUTIES threatened arrest to coerce identification and arrested Plaintiff because he exercised his right to remain silent, not because of probable cause.

17. Only after deciding to arrest Plaintiff did DEFENDANT DEPUTIES announce an "inventory search," which was investigatory in nature, targeting areas likely to contain evidence rather than safeguarding property while Plaintiff was already handcuffed in the back of the police vehicle.

18. Plaintiff was jailed from December 19th, 2023, to December 24, 2023.

19. On October 30, 2025, the court found the detention and search unlawful and dismissed the case after granting the California Penal Code 1538.5 motion.

20. Evidence obtained during Pitchess discovery of Defendant IAN FUJINO reflects prior complaints against the involved deputy and supervisory awareness, supporting pattern and practice allegations.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

**(Plaintiff against Defendants IAN FUJINO, and DOES 1-10)**

21. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

22. When Defendant IAN FUJINO used injurious excessive unreasonable and invasive force, including forceful contact with Plaintiff's groin and threatened arrest to coerce identification, arrested Plaintiff because he exercised his right to remain silent, and conducted a false "inventory search" to search for criminal evidence rather than for the purpose of safeguarding property while Plaintiff was already handcuffed in the back of the police vehicle, Defendant IAN FUJINO deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

23. This force was an excessive and unreasonable use of force under the circumstances, especially since Plaintiff was not committing a crime, had not committed a crime, was not evading police or resisting arrest, did not pose an immediate threat of death or serious bodily injury to DEFENDANTS, or anyone else, prior to being painfully searched by Defendant IAN FUJINO.

24. DEFENDANT DEPUTIES' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

25. As a result of Defendant IAN FUJINO's unreasonable use of force, Plaintiff suffered extreme pain and suffering and physical and emotional injury.

26. As a result of the conduct of DOES 1-10, they are liable for Plaintiffs injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

27. The conduct of Defendant IAN FUJINO and DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff

and therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

28. Plaintiff also seeks costs and attorney fees under this claim.

**SECOND CLAIM FOR RELIEF**

**Fourth Amendment- Unlawful Detention and Arrest (42 U.S.C. § 1983)**

**(Plaintiff against Defendants IAN FUJINO and DOES 1-10)**

29. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

30. When Defendant IAN FUJINO detained Plaintiff, Plaintiff was not free to leave and was therefore seized.

31. At that time, Defendant IAN FUJINO did not have reasonable suspicion or probable cause to believe that Plaintiff had committed a crime.

32. Defendant IAN FUJINO then put handcuffs on Plaintiff and placed him in his patrol vehicle, continuing to seize Plaintiff and effectuating Plaintiffs de facto arrest.

33. Prior to seizing Plaintiff, Defendant IAN FUJINO did not observe Plaintiff committing any crime.

34. In addition to the detention itself being unreasonable, the scope and matter of the detention was also unreasonable in that Defendant IAN FUJINO used more force than reasonably appeared necessary to effectuate Plaintiffs detention and arrest, including through the unreasonable use of physical force.

35. When Defendant IAN FUJINO engaged in the foregoing described conduct, he violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

36. The conduct of DEFENDANT DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore

warrants the imposition of exemplary and punitive damages as to these individual Defendants.

37. At all relevant times, DEFENDANT DEPUTIES were acting under color of state law.

38. As a result of this misconduct, DEFENDANT DEPUTIES are liable for Plaintiffs injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

39. As a result of the foregoing, Plaintiff suffered great physical pain and emotional distress and injury.

40. As a result of their violation of Plaintiffs Fourth Amendment rights, these Defendants are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including mental suffering, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

41. Plaintiff also seeks costs and attorney fees under this claim.

**THIRD CAUSE OF ACTION VIOLATION OF 42 U.S.C. § 1983**

**Violation of First Amendment Right – Free Speech**

**(Plaintiff against Defendants IAN FUJINO and DOES 1-10)**

42. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

43. Plaintiff's right to remain silent is guaranteed under the First and Fifth Amendment of the United States Constitution.

44. LAWRENCE JUSTICE was exercising his First and Fifth Amendment right on or about the date above when he was interacting with DEFENDANT DEPUTIES.

45. LAWRENCE JUSTICE was not engaged in any unlawful activity or interfering with the duties of the DEFENDANT DEPUTIES by refusing to answer any more questions.

46. By stopping, detaining, and arresting Plaintiff, DEFENDANT DEPUTIES sought to chill his free speech rights and his right against self-incrimination.

47. This act was also in retaliation against Plaintiff for freely exercising his first and fifth amendment right to remain silent.

48. DEFENDANT DEPUTIES acting under the color of law deprived the Plaintiff of certain constitutionally protected rights by preventing him from freely exercising his First and Fifth Amendment right not to speak when questioned by the police.

49. DEFENDANT DEPUTIES acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established rights protected by the First and Fifth Amendment, and Fourteenth Amendment to the U.S. Constitution.

50. As a direct and proximate result of the acts described above, LAWRENCE JUSTICE has suffered grievously enduring:

    a. the loss of his liberty and freedom,

    b. mental and emotional injury, distress, pain and suffering,

    c. attorney's fees, and

    d. any other special and general damages and expenses, in an amount to be proven at trial.

51. The actions by said DEFENDANT DEPUTIES were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all DEFENDANT DEPUTIES and each of them, in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS –MONELL CLAIM

### (Plaintiff against Defendant COUNTY)

52. Plaintiffs hereby realleged and incorporate by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as though set forth in full herein.

53. Defendant DOES 1-4, inclusive were acting under the color of law with authority as law enforcement officers employed by Defendant COUNTY.

54. As a result of Defendants', and each of them, willful, malicious, wanton and reckless acts, and failure to act, Plaintiff was falsely imprisoned and detained.

55. The acts of Defendant, and each of them, were a substantial factor in causing Plaintiff harm.

56. As stated above the acts of Defendant DOES 1-4, inclusive deprived Plaintiff of his First, Fourth, and Fifth Amendment rights under the United States Constitution and the aforementioned statutes.

57. Defendant COUNTY knowingly, and in deliberate indifference to the Constitutional rights of citizens, maintains inadequate supervision and training, in that they are nonexistent, which permits the unlawful violation of the First, Fifth, and Fourth Amendment.

58. The training and supervision of Deputies by Defendant COUNTY were not and are not adequate, to train its officers to handle the usual and recurring situations with which they must deal, specifically the COUNTY has failed to train law enforcement officers and deputies on a citizens First and Fifth Amendment right to remain silent when speaking with law enforcement and does not equate to probable cause for an arrest or detention.

59. Defendant COUNTY knows or should have known that Deputies and Law Enforcement officers working in the public can and will encounter citizens exercising their First and Fifth Amendment right to remain silent.

60. In a letter from the United States Department of Justice dated June 28th, 2013, and addressed to then County Sheriff Leroy Baca an investigation had found that Deputies routinely "have engaged in a pattern or practice of discriminatory and otherwise unlawful searches and seizures, including the use of unreasonable force, in violation of the Fourth Amendment, the Fourteenth Amendment, and Title VI. We found also that deputies assigned to these stations have engaged in a pattern or practice of discrimination against African Americans in violation of the Fair Housing Act."

20. Plaintiff is informed and believes that Defendant COUNTY has a long-standing policy and practice to fail to adequately train and supervise their Deputies, including Defendant DOES 1-4 on the illegality of aforementioned policy and procedure on a citizen's Fourth Amendment right, which caused the deprivation of the plaintiff's rights by DEFENDANT DEPUTIES.

21. Had Defendant DOES 1-4 been trained and supervised by Defendant COUNTY, Plaintiff may not have been detained or arrested in violation of his Fourth Amendment right for simply exercising his First Amendment right of speech in a place open to the public.

22. It is Defendant COUNTY's failure to train and/or supervise Defendant DOES 1-3 on the First Amendment Rights of silence and in reasonable suspicion or probable cause needed for search and seizure that was the driving force which caused the deprivation and violation of Plaintiff's First, Fourth, and Fifth Amendment rights.

23. On information and belief Defendant DOES 1-4 were not disciplined, reprimanded, suspended or otherwise penalized in connection with Plaintiff's detention and injuries.

24. Furthermore, the policy itself is so open ended that it virtually left the DEFENDANT DEPUTIES as an official with final policy-making authority with full discretion to use any level of force without discretion.

25. Notwithstanding these facts, the COUNTY by not disciplining DEFENDANT DEPUTIES unconstitutional conduct ratified the subordinate's unconstitutional decision or action and the basis for it.

26. As a direct and proximate result of the acts described above, the Plaintiff has suffered grievously enduring:

    a. the loss of his liberty and freedom,

    b. mental and emotional injury, distress, pain and suffering,

    c. attorney's fees, and

d.  any other special and general damages and expenses, in an amount to be proven at trial.

61. Accordingly, Defendant COUNTY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, and attorney fees under 42 U.S.C. § 1988.

62. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**Violation of Bane Act (Cal. Civil Code§ 52.1)**

**(Plaintiff against all Defendants)**

63. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

64. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his or her constitutional rights by threats, intimidation, or coercion (including by the use of unconstitutionally excessive force).

65. Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state has been interfered with, within the meaning of Section 52.1, may institute and prosecute in his or her name and on his or her own behalf a civil action for damages and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights at issue.

66. The Bane Act prohibits unlawful detention and arrest and the use of excessive force by law enforcement. The Bane Act authorizes a private right of action for such claims.

67. DEFENDANT DEPUTIES violated Plaintiff constitutional, statutory, rights by unlawfully detaining him and using excessive force, where these Defendants' acts were done intentionally and with a reckless disregard for Plaintiff's rights.

68. Defendant IAN FUJINO's use of force was excessive and unreasonable under the circumstances. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the United States and California constitutions and other California law. The conduct of Defendant IAN FUJINO and DOES 1-10 was a substantial factor in causing the harm, injuries, and damages to Plaintiff.

69. Defendants IAN FUJINO and DOES 1-10 intentionally violated Plaintiffs constitutional rights by using excessive force against him, including but not limited to unlawful unreasonable force while searching Plaintiff.

70. Further, these intentional acts by Defendant IAN FUJINO and DOES 1-10 show that they acted with a reckless disregard for Plaintiff's constitutional rights, thereby demonstrating their intent to violate those rights.

71. At the time Defendant IAN FUJINO intentionally battered Plaintiff, Plaintiff was not committing a crime or resisting arrest and did not pose a threat of death or serious bodily injury and Plaintiff had not verbally threatened anyone in the leadup to the collision.

72. There is direct and circumstantial evidence that Defendant IAN FUJINO and DOES 1-10 intentionally violated Plaintiffs rights by intentionally battering him, unlawfully detaining him, and unlawfully arresting him.

73. Defendants IAN FUJINO and DOES 1-10, while working as sheriff's deputies for the COUNTY, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, to equal protection of the laws, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

74. Plaintiff was caused to suffer extreme mental and physical pain and suffering.

75. The conduct of Defendant IAN FUJINO and DOES 1-10 was a substantial factor in causing the harm, losses, injuries and damages of Plaintiff.

76. Defendant COUNTY is vicariously liable for the wrongful acts of Defendant IAN FUJINO and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

77. As a result of their violation of Plaintiff's rights, Defendants are liable to Plaintiff for compensatory damages under California law, including for past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress; past and future medical expenses; and lost income and earning capacity.

78. The conduct of Defendant IAN FUJINO and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as against these Defendants.

79. Plaintiff also seeks costs and attorney fees under this claim.

## JURY DEMAND

80. Plaintiff hereby demands a trial by jury for all issues that are so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants COUNTY OF LOS ANGELES, IAN FUJINO, and DOES 1-10, inclusive, as follows:

A. For compensatory damages in the amount to be proven at trial;

B. For other general damages in an amount according to proof at trial;

C. For other non-economic damages in an amount according to proof at trial;

D. For other special damages in an amount according to proof at trial;

E. For punitive damages against the individual defendants in an amount to be proven at trial;

F. Attorney's fees and costs pursuant to 42 U.S.C. § 1988;

G. Attorney's fees and costs pursuant to Cal. Civ. Code§ 52.1(h)

H. For interest;

I.  For reasonable costs of this suit; and,

J.  For such further other relief as the Court may deem just, proper, and appropriate.


Dated: _____12/23/2025_____


*Raymond Woo*

_____

Raymond Woo, Attorney for Plaintiff